UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LOUISE M. REGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08-CV-175-B-H |
| | ) | |
| SCHOOL ADMINISTRATIVE | ) | |
| DISTRICT 63, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION FOR ATTORNEY FEES**

The defendants in this civil rights action brought under 42 U.S.C. § 1983 have moved for an award of attorney fees pursuant to 42 U.S.C. § 1988 as the "prevailing parties" in this federal action.  On June 26, 2009, this Court entered judgment in favor of the defendants and against the plaintiff on the sole federal count in the case and remanded the remaining state law counts to the Maine Superior Court.  That judgment has now become final without any notice of appeal having been filed, and pursuant to District of Maine Local Rule 54.2 the defendants have timely moved for an award of attorney fees.  The District Court Judge has referred the matter to me for a recommended decision pursuant to 28 U.S.C. § 636(b)(3).  I now recommend that the court deny the motion.

**Legal Standard**

The defendants seek an award of attorney fees pursuant to 42 U.S.C. § 1988(b), asserting that they were the prevailing parties in the plaintiff's civil rights action.  Section 1988 authorizes the court, in its discretion, to award reasonable attorney fees to the "prevailing party."  This language invites an award for either a prevailing plaintiff or a prevailing defendant, Casa Marie

Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994), although the title of

§ 1988, "proceedings in vindication of civil rights," makes it somewhat less than intuitive that a

defendant might qualify, considering that no civil rights are "vindicated" in such a circumstance.

Courts have accounted for this irony by significantly raising the bar for prevailing defendants to

recover fees:

> In civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule,
> whereas fee-shifting in favor of a prevailing defendant is the exception. Thus,
> though a prevailing plaintiff is presumptively entitled to fee-shifting in such a
> case, a prevailing defendant is entitled to similar largesse only if she can establish
> that the plaintiffs' suit was totally unfounded, frivolous, or otherwise
> unreasonable.

Id. (citations omitted).[1]  Even if the defendant can establish that the plaintiff's suit was frivolous,

the district court still retains the discretion to deny fees to a prevailing defendant.  Rossello-

Gonzalez v. Acevedo-Vila, 483 F.3d 1, 6 (1st Cir. 2007).  In addition to the considerable hurdle

of showing frivolity, the Supreme Court has defined the concept of "prevailing" to mean that a

party has secured a court-ordered, material alteration of the parties' legal relationship.

Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 604

(2001) (concerning fee-shifting provisions of the Americans with Disabilities Act and the Fair

Housing Act Amendments).

### Discussion

The following discussion assumes the reader is familiar with the summary judgment

record and with the Court's disposition of the summary judgment motion.  With regard to

---

[1]     See also Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 10-11 (1st Cir. 1999) ("A successful defendant is in
a different posture than a successful plaintiff.  A successful plaintiff vindicates an important congressional policy
and is awarded fees 'against a violator of [federal] law.'  Neither is true of a successful defendant.  As we noted in a
case under Title VII and § 1988, decisions to grant defendants their fees are, and should be, rare.") (quotation marks
and citations omitted).

whether they qualify as prevailing parties within the meaning of § 1988, the defendants rely exclusively on the fact that the section 1983 count was decided on its merits and they received judgment in their favor.  I find that this fact is sufficient to demonstrate a material alteration in the legal relationship between the parties.  "[A] defendant who prevails on the only claim that justifies the presence of the case in a federal court has a legitimate basis for asserting that she is the prevailing party."  Me. Sch. Admin. Dist. No. 35 v. R., 321 F.3d 9, 16 (1st Cir. 2003).  Thus, for purposes of my analysis, I do consider all defendants to have been prevailing parties on the sole federal claim that brought this case to this court.

As there is no serious dispute that the School District and the named individual defendants are prevailing parties under § 1988, the only question is whether they have established that Regan's suit was totally "unfounded, frivolous or otherwise unreasonable."  Casa Marie Hogar Geriatrico, Inc., 38 F.3d at 617.  I conclude they have not.  Although there were some civil rights theories alleged under Count VI of the complaint that were abandoned at the summary judgment stage, the due process claim that obviously lay at the core of Count VI was at least colorable and was the driving force behind the federal piece of this litigation.  As some indication of the colorable nature of this claim, the defendants never articulated in their legal briefs the theory that the statutory delegation of *de novo* review authority by the Commissioner of Education overrode concerns over a biased predeprivation decision by the Board, which was the narrow basis upon which this Court's decision was made.[2]  In fact, the record demonstrated that the defendants took the position that the Commissioner would not conduct a *de novo* hearing.  Had Maine law restricted the authority of the Commissioner to conduct *de novo* proceedings, it would have been necessary to consider the issue of whether a genuine issue of

---

[2]        The parties were provided with notice of this issue and were given an opportunity to address it at oral argument.

3

fact was made out on the summary judgment record with respect to whether the Board was infected with intolerable bias.  I avoided that issue in the Recommended Decision for a reason. The available precedent does not offer a clear line of demarcation between acceptable and intolerable levels of bias in a predeprivation tribunal.

Beyond the subtleties of the federal law, this case also presented curious state law issues. The defendant's motion for summary judgment focused almost entirely on these state law issues, giving an appearance, at least, that they may have assumed that a factual controversy existed on the federal claim, possibly as an outgrowth of one of the state law questions.  Ultimately, the Court's conclusion that the Commissioner's *de novo* review authority trumped the due process claim avoided all of these state law issues.  Although I believe that conclusion of law was entirely correct, I am not prepared to say that it was obvious or so clearly established that Ms. Regan's contrary claim was frivolous.

## Conclusion

For the reasons set forth above, I RECOMMEND that the Court DENY Defendants' Motion for Attorney Fees (Doc. No. 101).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 7, 2009                                    /s/ Margaret J. Kravchuk
                                                   U.S. Magistrate Judge